DICKINSON v. CITY OF DETROIT.

MUNICIPAL CORPORATIONS—PAVING—ASSESSMENTS.

    An improvement of a city street 200 feet wide, of which 40 feet in width in the center was originally paved, consisting of a driveway of asphalt 25 feet wide on each side of a strip 100 feet wide left in the middle of the street for park purposes, constitutes a repavement, where there is nothing to show that the original pavement was inadequate, within a provision in the charter requiring the cost of all "repaving" to be paid out of the repaving fund, instead of by the abutting lot owners.

Appeal from Wayne; Carpenter, J. Submitted November 19, 1896. Decided January 5, 1897.

Bill by Horace H. Dickinson against the city of Detroit and Albert Stoll, receiver of taxes, to restrain the collec-

tion of a paving tax. From a decree for complainant, defendants appeal. Affirmed.

*Wells, Angell, Boynton & McMillan* (*Fred A. Baker*, of counsel), for complainant.

*Charles Flowers* (*C. D. Joslyn*, of counsel), for defendants.

HOOKER, J.   Washington avenue is a street in the city of Detroit, and is 200 feet wide between lot lines. Many years ago, under an ordinance passed in the year 1860, this street was paved with block stone, such pavement being laid to the width of 40 feet through the middle of the street.   In the year 1895 the common council caused the stone pavement to be taken up, and a strip of ground 100 feet wide through the middle of the street was appropriated to the purpose of a street park, on each side of which a driveway 25 feet wide was made of asphalt.   This improvement was assessed as a paving improvement upon the adjoining premises, and complainant files the bill in this case to restrain collection.

The charter (section 35, chap. 11) provides:

" The cost and expense of such improvement, except so much thereof as shall be for the work within the lines of intersection of cross streets and alleys, for the cross-walks at such intersections, *and for repaving streets,* avenues, and highways, shall be assessed ratably, according to their extent of front, on the lots, parts of lots, or parcels of real estate directly fronting on and within the local assessment district.   *   *   *   *The cost of all repaving of streets, avenues, and highways of the city shall be paid out of the repaving fund.*"   Act No. 544, Local Acts 1887.

The case turns upon the question whether or not this was a repavement, within the meaning of the charter; counsel for the complainant claiming that it is, while counsel for the city urge that it is not, because it does not cover the ground theretofore paved, and that, inasmuch

111 MICH.—31.

as the city might, in the first instance, have paved the entire width of the street at the expense of adjoining proprietors, it was proper to charge the expense of the first pavement laid upon a given portion of the street to adjoining proprietors.

Whether this action of the council grew out of a desire to beautify Washington avenue, by changing the location of the roadway and parks, or from a necessity for a new pavement arising from the wear upon the first pavement, we are not informed. The fact remains that there is nothing to show that a pavement 40 feet wide was not adequate to the wants of the traffic upon the street. Had the new pavement been laid in the place of the old, and no wider, there could be no dispute as to its character. It would have been a repavement, and must have been paid for by the city; and the mere fact that the location was changed, thereby giving opportunity for beautifying the street, does not alter the nature of the paving, any more than it would had it been done for the avowed object of evading the repavement clause in the charter. We are cited to two cases upon which the defendants rely in asking that the adjoining proprietors be required to pay for this work. One is *Slocum* v. *City of Philadelphia*, 11 Wkly. Notes Cas. 167, where a market was removed from the middle of a paved street, and the place formerly occupied by the market was paved. The other case is *Alcorn* v. *City of Philadelphia*, 112 Pa. St. 494, where a strip eight feet wide, which had been left in the center of a street for shrubbery and trees when the street.was paved, was afterwards paved under a resolution changing the plan. In each of these instances the work was held not to be repaving, and it was assessed upon adjoining proprietors. These were not cases where existing pavements, approximating the new in width, were torn up and destroyed, but were more in the nature of additional pavement. We do not express an opinion upon a question of that kind, as it is not involved. But

we are of the opinion that the facts of this case show that this improvement was a repavement, and could not be lawfully assessed upon premises adjoining. Counsel cite the following cases which seem to support this view: *In re Garvey*, 77 N. Y. 523; *In re Smith*, 99 N. Y. 424; *City of Williamsport* v. *Beck*, 128 Pa. St. 147; *Leake* v. *City of Philadelphia,* 171 Pa. St. 125; *City of Philadelphia* v. *Eddleman*, 169 Pa. St. 452.

The decree of the circuit court is affirmed.

The other Justices concurred.