WREFORD *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—PAVING—REPAVING—ASSESSMENT.

Where, under a city charter providing that the cost of paving, but not repaving, shall be assessed upon the abutting property owners, a street, which has been paved, is paved again, including a portion of the street between the original pavement and the sidewalk, no part of the pavement can be assessed upon the owners of the adjoining property.

Appeal from Wayne; Rohnert, J. Submitted February 3, 1903. (Docket No. 65.) Decided March 5, 1903.

Bill by William Wreford and others against the city of Detroit and Thomas M. Lucking, receiver of taxes, to restrain the collection of an assessment. From a decree dismissing the bill, complainants appeal. Reversed.

Bagley avenue, in the city of Detroit, formerly known as "Macomb Avenue," in 1876 was graded and paved, with a roadway 40 feet wide, the entire cost of which was assessed upon the abutting property, which includes that of the complainants. The street was wide, and a grass plot was left between the sidewalks and the 40-feet roadway, in which were set rows of trees, which stood there for 40 years. In 1899 steps were taken to widen this roadway by about 15 feet on each side, and to repave the street the entire width of the old roadway and extensions,—about 70 feet. Contracts were let, and the entire cost of the pavement outside of the old 40-feet roadway was assessed to the adjoining owners. This bill was filed to set this assessment aside. The court dismissed the bill.

*C. D. Joslyn*, for complainants.

*Timothy E. Tarsney* and *John W. McGrath*, for defendants.

GRANT, J. (*after stating the facts*). The only question we need to discuss is, Can the abutting property owner, having once been assessed for grading and paving the street, be again assessed for paving extensions thereof? The charter provides that "the cost of all repaving of streets shall be paid out of the repairing fund." We held in *Dickinson* v. *City of Detroit*, 111 Mich. 480 (69 N. W. 728), that a change of the roadbed from one place, within the limits of the street, to another, even though the new roadbed be much wider than the old one, did not authorize the cost of the pavement to be assessed against the abutting owners. We there reserved our opinion upon the question now presented. Counsel for both sides have evidently made diligent search, and cite no authority exactly in point. The most of the cases now cited will be found cited in *Dickinson* v. *City of Detroit, supra.*

The principle upon which abutting owners are charged with the expense of paving the street in the first instance is that their property is benefited by the pavement. After the improvement has once been made, its care belongs to the entire public; and it must be kept in repair and in condition, or widened or improved in any manner, by the public, and not at the expense of the owners. It is difficult to imagine what benefit accrues to abutting owners, where, as in this instance, their shade trees are cut down, the grass plots in front of their property removed, and the travel upon the street, with its dust and noise, brought nearer to their dwellings. Such improvements are clearly not for the benefit of private owners, but for the benefit of the public. We are of the opinion that when the authorities of the city laid out this street, and paved a roadway therein, suitable at the time for the use of the public, their power to assess such improvements upon abutting owners was exhausted. Where a statute required a petition of a majority of the property holders along the line of the street for the paving of a sidewalk, it was held that the sidewalk could not be widened without a new petition, because "the additional width of sidewalk for which the

assessment was laid was a repavement." *In re Smith*, 99 N. Y. 424 (2 N. E. 52).

Decree reversed, and decree entered in this court for complainants, with the costs of both courts.

The other Justices concurred.