BARBER ASPHALT PAVING COMPANY, Respondent, v. LEO J. MUCHENBERGER et al., Appellants.

Kansas City Court of Appeals, November 23, 1903, and February 1, 1904.

1. MUNICIPAL CORPORATIONS: Paving Ordinance: Time of Publication: Sunday: Statutory Construction. The statute that no person shall be served with any writ or process on Sunday, has no application to the notice required to be published by section 5661, Revised Statutes 1899, before a city of the second class can pass an ordinance requiring the reconstruction and paving of a street; and publication for five days before such action of the council is sufficient, though the last day was Sunday.

2. ———: ———: ———: ———: Finding of Council. The finding and declaration of the common council that a publication for a special ordinance had been made for five days before their action on such ordinance is conclusive for all purposes.

3. ———: ———: Repairs: Instructions: Court's Finding. In a suit on a taxbill for the improvement of a certain street, the court gave an instruction that if the work done under the contract was repairs then the finding should be for the defendants, and then found the facts against the defendants on evidence tending to support such finding. *Held*, judgment must stand.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*James F. Pitt* for appellants.

(1) Under the statute, Revised Statutes 1899, sec. 5661, locally known as the Haynes law, and being the same act found in Laws 1899, p. 79, the power of the council to charge defendant's property depends upon a service upon him by five days' publication of the pro-

posed ordinance. This is not five days' notice. This publication is in the nature of process, and service can not be made on Sunday. Sunday can not be counted as a publication day. R. S. 1899, sec. 4683; Dennison v. Kansas City, 95 Mo. 416; Schwed v. Hartwitz, 23 Colo. 187; Dumars v. Denver, 65 Pac. 518; Scammon v. Chicago, 40 Ill. 146; Ormsby v. Louisville, 79 Ky. 197; Sewell v. St. Paul, 20 Minn. 511. (2) ''One very precise limit to the power to cure these proceedings is this: They can not be cured when there was a lack of jurisdiction to take them. This is a rule applicable to every species of legal proceedings. Curative laws may heal irregularities in action, but they can not cure a want of authority to act at all.'' McCready v. Sexton, 29 Iowa 356; Groesbeck v. Seeley, 13 Mich. 329; Case v. Dean, 16 Mich. 12; White v. Flynn, 23 Ind. 46; Corbin v. Hill, 21 Iowa 70; Abbott v. Lindenbower, 42 Mo. 162; Wright v. Cradlebaugh, 3 Nev. 341, 349; Young v. Beardsley, 11 Paige 93; East Kingston v. Towle, 48 N. H. 57; s. c., 24 Am. 174; Taylor v. Miles, 5 Kan. 498; s. c., 7 Am. 558; Powers v. Fuller, 30 Iowa 476; Little Rock, etc., v. Payne, 33 Ark. 816; s. c., 34 Am. 55; Smith v. Cleveland, 17 Wis. 556; Newell v. Wheeler, 48 N. Y. 486; Smith v. Sherry, 54 Wis. 114. (3) The work done upon this street was repairs within the meaning of the statute regulating and charging the costs of such work.

*R. A. Brown* and *Scarritt, Griffith & Jones* for respondent.

(1) The publication of the ordinance is sufficient. The law in this State is well settled that in counting statute time, Sunday is not excluded. In City of St. Joseph ex rel. Saxton National Bank v. Landis, 54 Mo. App. 315; Dennison v. Kansas City, 95 Mo. 416; Buchan v. Broadwell, 88 Mo. 31; Adkins v. Railroad, 36 Mo. App. 652; Smith v. Tobener, 32 Mo. App. 601. (2) The work for which the taxbill was issued was reconstruction

not repairs. Special taxbills, the city shall, in no event, nor in any manner whatever, be liable for on account of work, except as is otherwise provided for in the following section,'' etc. (3) The court gave, at the appellant's request, the following declaration of law: ''If the court believes, from the evidence, that the work in fact done under the contract read in evidence, was repairs to the street improved, then the finding must be for defendants.'' Under this declaration, appellants submitted to the court the question of fact as to whether such work was repairs or reconstruction, and the finding of the trial court thereon is final. Nelson v. Railway, 66 Mo. App. 651. And appellants can not now contend that there is not substantial evidence to support the court's finding. Hopkins v. M. W. A., 94 Mo. App. 402. (4) Under similar facts our appellate courts have held that the work was reconstruction, not repairs. Ritterskamp v. Stifel, 59 Mo. App. 510; Morley v. Carpenter, 22 Mo. App. 640; Farrar v. St. Louis, 80 Mo. 391; Skinker v. Heman, 148 Mo. 354.

SMITH, P. J.—This suit was brought by the plaintiff, the Barber Asphalt Paving Company, to recover upon a special taxbill issued against the defendant's property for paving with asphalt a portion of Felix street in the city of St. Joseph. Defendant set up by special plea two defenses: First, that the service upon the property owners by publishing the proposed ordinance, known as Document 29698, was insufficient in that one of the five days of publication was Sunday, and the service for that reason void and insufficient to confer jurisdiction upon the common council to condemn defendant's property; and, second, that the work ordered and in fact done upon the street was repairs, for which the city, and not the defendant, was liable.

This publication of the proposed ordinance was made May 30th, 31st, June 1st, 2d and 3d, 1900, this

last date being Sunday. Afterwards, and on the 18th day of June, 1900, this document 29698, so published, was approved as Special Ordinance No. 2695, under which the work was done. On the same day the council also passed an ordinance, No. 2694, finding and declaring that special ordinance known as document 29698, providing for the paving of Felix street from Third to Eighth street, had been published for five consecutive days in the St. Joseph Gazette, the newspaper at the time doing the city printing. The contract was duly let and confirmed by the passage and approval of a special ordinance.

The cause was tried before the court, a jury being dispensed with. The judgment was for plaintiff and defendants appealed. The question to be decided is whether or not said special ordinance ordering the improvement to be made was published for five consecutive days before the passage thereof by the city council as required by section 5661, Revised Statutes. It is not disputed but that the said ordinance was published for five consecutive days before the passage of the ordinance, but it is insisted that as the last day on which it was published was Sunday that it was only published for four days, and for that reason there was an absence of authority in the council to pass it. But if the publication on the last day, which was Sunday, is to be included in the computation, then it sufficiently met the statutory requirement and the said ordinance is not vulnerable to attack on that account.

Cities of the second class, of which the city of St. Joseph was one, have no power under their charter— section 5661, Revised Statutes — to pass an ordinance like that here in question until the publication required by said section 5661 is made. The publication of the proposed ordinance is in the nature of notice to the property holders and is required to be made for the purpose of affording them an opportunity to appear before the common council and interpose any objection

they may have to its passage. Dennison v. City, 95 Mo. 416. Was this notice given in this case? It can not be denied that it was published for the requisite number of days, but because the last day was Sunday it is insisted that it must be excluded from the count and therefore there was in legal effect no notice whatever.

The statute—section 4683—provides that no person shall serve or execute any writ or process on Sunday. While the publication here was notice and in some respects analogous to the service of a writ of summons by publication, yet it was not the judicial "writ or process" specified in the statute. The prohibition in that statute has reference only to *personal service* of such writs and process. It is obviously inapplicable in any case of constructive service and especially so in cases like the present where there is a statute requiring notice to be given by publication in a newspaper for a stated number of days or period of time. It is in effect conceded that the common council did not pass the special ordinance until after it had been published for five consecutive days or that no opportunity was afforded the abutting lot owners to appear and object to its passage. If five days intervened between the first day of the publication and the date of the passage of the special ordinance, as was the fact, the notice was all that was required to vest in the council the power to pass the ordinance. Drainage Dist. v. Campbell, 154 Mo. 151. The case of City ex rel. Bank v. Landis, 54 Mo. App. 315, was where the ordinance ordering the improvement to be made required the city engineer to advertise for ten days for proposals to do the work. The publication was made for ten days if two Sundays were included in the computation, otherwise not. The rule that in computing statute time Sunday must not be excluded (State v. Green, 66 Mo. l. c. 645; Ex parte Dodge, 7 Cowen 147; Anderson v. Baughman, 6 Mich. 298), was held applicable and accordingly that the publication met the requirements of the ordinance. Clapton v. Taylor, 49

Mo. App. 117, was where an ordinance required notice of the letting of the contract to be published five days before the time fixed for opening the bids. The publication was made for five consecutive days but the last day was Sunday. It was objected that as the last day of the publication was Sunday that the notice was insufficient to authorize the letting of the contract; but in disposing of this objection it was curtly and correctly said, that the fact that the last day of the publication was on Sunday did not affect the legality of that class of notices.

The notices referred to in the City ex rel. Bank v. Landis, and in that of Clapton v. Taylor, related to matters that affected the substantial rights of the property owners and it was ruled in those cases that a fair compliance with the ordinance requiring the publication to be made was a condition precedent whether prescribed by charter or ordinance. Cole v. Skrainka, 105 Mo. 303. Or, in other words, until the publication was made there was no authority to let the contract. No good reason is seen, if in the computation of the time of the publication of such notices as those referred to in City ex rel. Bank v. Landis and in Clapton v. Taylor, the Sunday inclusive rule is applicable, why that rule may not be properly invoked and applied in the computation of the time of the publication of the notice in the present case. The publication we think sufficiently met the statutory requirement.

But this is not all. The common council by ordinance expressly found and determined that said special ordinance had been published for five days. Section 5661, Revised Statutes, provides that if the common council shall find and declare that such special ordinance has been published for the time and in the manner required, that such finding and recitals shall be conclusive upon all the parties concerned and no taxbill shall be held invalid on account of the insufficiency of such ordinance and notice. The finding and declaration

of the common council in such cases as this has been declared to be "conclusive for all purposes." Adkins v. Railway, 36 Mo. App. 662; Dennison v. City, supra; Buchan v. Broadwell, 88 Mo. 31. We do not, however, think that the ordinance finding and declaration of the common council was required to render it valid, but that it was valid without that as respects the publication.

## II.

Section 5651, Revised Statutes, from which we have previously herein quoted, further provides: "The common council shall have power to cause to be graded, constructed, *reconstructed,* paved or otherwise improved and repaired, all streets, sidewalks, alleys and public highways or parts thereof, within the city at such time and to such extent, and of such dimensions and *with such materials,* and in such manner and under such regulations as shall be provided by ordinance; and all ordinances and contracts for such work shall specify how the work shall be paid for; and in case payment is to be made in special taxbills, the city shall, in no event, nor in any manner whatever, be liable for on account of work except as is otherwise provided for in the following section:" The special ordinance under which the improvement was made required that Felix street between certain designated intersecting streets be paved with an asphalt pavement to consist as follows, to wit:

"The concrete base now in place on said street shall be built up where necessary with hydraulic concrete cement of such thickness as to bring its surface parallel to and three inches below the finished surface of the pavement and established grade of the street. Upon this shall be laid a binder course of bituminous concrete one and one-half inches in thickness; upon this binder course shall be placed a wearing surface one and one-half inches in thickness, the matrix of which shall be asphalt; said pavement to be constructed of such material and in such manner that it will endure without the need

of any repairs for a period of ten years after the completion.''

The contract required the work to be done according to the specifications, the requirements of which were:

''All of the old asphaltum shall be removed from the street; the old concrete base shall be replaced, where necessary by new hydraulic cement concrete. New concrete shall be used where no concrete exists, and such new concrete shall not be less than six inches in depth, and the finish surface of the same shall conform to a plane parallel with and three inches below the finished surface of the pavement. Should the earth where new concrete is used be soft or spongy, it must be dug up and repaired with broken stone or with loam well rammed.

''Wherever the concrete base now in place on said street is below a point parallel to three inches below the finished surface of the pavement, new concrete shall be laid on the old of such thickness as to bring its surface parallel to and three inches below the surface of the pavement.

''Wherever the concrete base now in place on said street shall be above a point parallel to and 3 inches below the finished surface of the pavement and the concrete shall be cut down so as to bring its surface parallel to and 3 inches below the finished surface of the pavement.''

Here follows specifications for a binder course of bituminous concrete one and one-half inches thick, composed of clean broken stone, to be laid upon the hydraulic concrete base, and upon this foundation ''there shall be placed an asphalt wearing surface no less than one and one-half inches in thickness when thoroughly compressed, which shall be manufactured and made strictly in accordance with the formula accompanying the proposal.''

The work was performed according to the specifications of the contract and accepted by the city.

Section 5681, Revised Statutes, provides that the cost of repairing and keeping in repair the paving of all streets and avenues shall be paid out of the general revenue of the city, etc. The defendant's contention is that the work ordered and done by the plaintiff was only that of repairing the pavement of the street, and that therefore the cost of making it was payable out of the general revenue of the city and not chargeable against the property abutting on the improved part of the street. The defendants asked and the court gave an instruction which declared that if the work done under the contract was repairs to the street improved then the finding should be for them. The case was submitted on the defendant's theory of it. There can be no complaint of the action of the court on that score.

The court from the evidence found the fact to be that the work done under the contract was not repairs and gave judgment accordingly for plaintiff. As the court accorded to the defendants a consideration of the case on their theory, but only found against them because the facts which the evidence conduced to prove did not sustain that theory, there was little or nothing left of which they could or can complain. The vital issue of fact tendered by the second special plea of the answer was by that declaration submitted and passed upon adversely to the defendants. We are unable to discover that the finding of fact by the court was contrary to the evidence or unauthorized by it. Neither of the special defenses pleaded in the answer were sustained by the evidence and it results that the plaintiff's prima facie case as established by the recitals in the taxbills was not rebutted. The argument presented in the latter part of defendant's brief is made to support the theory of the case embodied in the declaration of law to which we have just referred and as they succeeded in prevailing on the trial court at the trial to consider the case on that theory no further notice need be here taken of that.

Defendants have called our attention to no other

adverse ruling of the court that was prejudicial to them on the merits.

It therefore results that the judgment must be affirmed. All concur.