## RELIANCE AUTOMOBILE & SUPPLY CO. *v.* CITY OF JACKSON.

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—DECLARATION OF NECESSITY NOT JURISDICTIONAL UNLESS REQUIRED BY CHARTER.

   A preliminary resolution declaring a contemplated public improvement to be a necessity is not jurisdictional unless the city charter requires it.

2. SAME—REPAVEMENT.

   In a suit to set aside an assessment for paving a city street, said improvement is *held*, under the proofs, to be a repavement as distinguished from a repair.

3. SAME—INVALID ASSESSMENT FOR PUBLIC IMPROVEMENT MAY BE REASSESSED.

   Even though an assessment for repaving a city street should be held invalid, where the bonds have been issued and sold, the work done and accepted, and the contractor paid, the cost and expense thereof may, under the charter, be reassessed.

4. SAME—PROPERTY OWNERS WHO WAIT UNTIL IMPROVEMENT COMPLETED NOT ENTITLED TO EQUITABLE RELIEF.

   Property owners who knew of a proposed public improvement and saw the work progress without taking any action until after the bonds were sold, the improvement completed, the contractor paid, and a special assessment levied and in part paid, may have no relief in equity, under the circumstances.

5. SAME—SPECIAL ASSESSMENTS PAID UNDER PROTEST NOT RECOVERABLE IN ABSENCE OF STATUTE.

   Special assessments paid may not be recovered, though paid under protest, except in accordance with statute, and, in the absence of a statute, no recovery may be had.

6. SAME—JACKSON CHARTER.

   There being no provision in the charter of the city of Jackson authorizing the payment of special assessments, or any part thereof, under protest and the recovery of moneys so paid by suit, property owners who paid part of a special assessment for repaving a street may not recover back the money so paid.

As to what constitutes reconstruction as distinguished from repairs to pavement, see annotation in 44 L. R. A. (N. S.) 290.

Appeal from Jackson; Williams (Benjamin), J. Submitted July 14, 1928. (Docket No. 62, Calendar No. 33,401.) Decided October 1, 1928.

Bill by the Reliance Automobile & Supply Company and others against the city of Jackson and others to set aside a paving assessment. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Frank L. Blackman,* for plaintiffs.

*Don T. McKone* and *Benjamin Kleinstiver,* for defendants.

POTTER, J. Plaintiffs, owners of land on East Michigan avenue in Jackson liable to special assessment for street improvements, filed the bill of complaint herein to set aside the assessments made for paving, and for sewer and water connections; and to recover that part of the special assessments paid. From a decree dismissing the bill, plaintiffs appeal.

The street was paved more than 20 years before the proceedings attacked. By the provisions of the charter of Jackson the cost of original pavements, except exempt property and intersections, is to be met by special assessments on abutting property. The cost of repairs is to be paid from the general fund, and the cost of repavement, except exempt property and street intersections, is to be paid one-half by city and one-half by special assessment on abutting property.

The city charter provides:

"Whenever the city commission shall determine to make any local improvement and defray the whole or any part of the cost thereof by special assessment, it shall so declare either in the annual budget

or thereafter by resolution. In any such resolution, the city commission shall also state the estimated cost of the improvement, the special assessment district therefor and the portion of the estimated cost which is to be paid by the city at large and the portion thereof to be paid by special assessment to be levied against the lots or premises constituting the special assessment district. More than one local improvement may be designated in the same resolution, but two or more different improvements shall not be combined in the same estimate nor in the same district."

The city records refer to this job as one of original paving and one of resurfacing. Plaintiffs claim if it is either, the assessment is invalid.

There was no preliminary resolution declaring the necessity for the improvement. It is claimed such preliminary declaration of necessity is jurisdictional, and, not having been made, the proceedings are void. Where the charter requires such preliminary declaration of necessity it is jurisdictional. *Hoyt* v. *City of East Saginaw,* 19 Mich. 39 (2 Am. Rep. 76); *Bay City Traction Co.* v. *Bay City,* 155 Mich. 393; *Crawford* v. *City of Detroit,* 169 Mich. 293; *German Lutheran Church Society* v. *City of Mt. Clemens,* 179 Mich. 35; *City of Sault Ste. Marie* v. *Railway Co.,* 184 Mich. 681. But where not required, it is not jurisdictional that it be made. *City of Sault Ste. Marie* v. *Railway Co., supra;* 25 Am. & Eng. Enc. Law (2d Ed.), p. 1212; Page & Jones on Special Assessments, § 832. The charter requires no preliminary declaration of necessity.

Under the proof the improvement made was a repavement as distinguished from a repair. *Dickinson* v. *City of Detroit,* 111 Mich. 480; *Wreford* v. *City of Detroit,* 132 Mich. 348; *Attorney General* v. *Board of Sup'rs of Montcalm Co.,* 141 Mich. 590;

*Fuchs* v. *City of Cedar Rapids,* 158 Iowa, 392 (139 N. W. 903, 44 L. R. A. [N. S.] 590); *Robertson* v. *City of Omaha,* 55 Neb. 718 (76 N. W. 442, 44 L. R. A. 534); *McCaffrey* v. *City of Omaha,* 72 Neb. 583 (101 N. W. 251); *Barber Asphalt Paving Co.* v. *Muchenberger,* 105 Mo. App. 47 (78 S. W. 280); *Noel* v. *Lees Summit,* 166 Mo. App. 114 (148 S. W. 194); *Parker-Washington Co.* v. *Meriwether,* 172 Mo. App. 344 (158 S. W. 74); *Field* v. *City of Chicago,* 198 Ill. 224 (64 N. E. 840).

Even though the assessment should be held invalid, the bonds having been issued and sold, the work done and accepted, and the contractor paid, the cost and expense thereof may, under the charter, be reassessed. (See, also, *W. F. Stewart Co.* v. *City of Flint,* 147 Mich. 697.)

Plaintiffs knew of the proposed improvement, had notice served on them, saw the work progress, some of them urged its completion; the city sold its bonds, the improvement was completed, the contractor paid, and a special assessment levied and in part paid, and then plaintiffs, after the completion of the improvement and the opening of the street to traffic, ask to be relieved of the cost of the improvement to their property. They can, under the circumstances, have no relief in a court of equity. *Byram* v. *City of Detroit,* 50 Mich. 56; *Lundbom* v. *City of Manistee,* 93 Mich. 170; *Fitzhugh* v. *City of Bay City,* 109 Mich. 581; *Farr* v. *City of Detroit,* 136 Mich. 200; *W. F. Stewart Co.* v. *City of Flint,* 147 Mich. 697; *Jones* v. *Gable,* 150 Mich. 30; *Auditor General* v. *Bishop,* 161 Mich. 117; *Attwood Brass Works* v. *City of Grand Rapids,* 230 Mich. 271; *Lowrie & Robinson Lumber Co.* v. *City of Detroit,* 237 Mich. 138.

Nor can those parts of the assessment paid be

recovered back. Special assessments paid may not be recovered, though paid under protest, except in accordance with the statute. Our attention is called to no provision in the charter of the city of Jackson authorizing the payment of special assessments or any part thereof under protest and the recovery of moneys paid therefor by suit.

The decree of the trial court is affirmed, with costs to defendants.

·FEAD, C. J., and NORTH, FELLOWS, CLARK, MC-DONALD, and SHARPE, JJ., concurred.

WIEST, J. (*concurring*). I concur. A property owner, standing by and permitting the paving, repairing, or repaving of a street, is estopped, by benefits and nonaction, from later defeating a tax by reason of mere irregularities. But, if the paving must be paid for in its entirety by the city, and the law governing the municipality forbids assessment of abutting property, there can be no estoppel urged by the city or applied by the court, for in such case there is want of jurisdiction and not mere irregularity of procedure. We say this to point out the distinction between this case and that of *Miller* v. *City of Detroit, ante,* 38.