## BLANCHARD *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—TAXATION—LIENS—INVOLUNTARY PAYMENT.

    Assessment paid after levy becomes lien on property is paid involuntarily.

2. SAME—SPECIAL ASSESSMENTS—PROTEST—REFUND—STATUTES.

    Recovery of special assessments paid involuntarily is in no way affected by 1 Comp. Laws 1929, § 3444, requiring written protest as condition precedent to recovery of sums paid for general taxes.

3. SAME—PAYMENT WITHOUT PROTEST—LIENS—INVOLUNTARY PAYMENT.

    That special assessments were paid without protest does not render payment voluntary, where levy had become lien on property.

4. SAME—REFUND UNDER DETROIT CHARTER.

    Under Detroit city charter (title 6, chap. 4, § 30) and ordinance adopted in conformity therewith, taxes illegally assessed and involuntarily paid should be repaid to those from whom they have been wrongfully exacted by the city.

5. SAME—RECOVERY OF TAX INVOLUNTARILY PAID—STATUTES.

    If payment of tax is involuntary, in absence of statutory provision to contrary, it may be recovered, although there is no express statutory provision therefor.

6. SAME—REMEDY—CLAIM FOR REFUND REJECTED BY CITY MAY BE TAKEN TO COURTS.

    Where claim for refund of special assessments involuntarily paid was first made to city council and rejected, it could be asserted in courts; remedy by action of council not being exclusive.

7. SAME—BOULEVARD PAVING—REFUND.

    In suit to vacate special assessments for paving boulevard, which under Detroit charter should be paid from general fund, and for refund of installments already paid, decree was properly entered in favor of plaintiffs.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 14, 1931. (Docket No. 142, Calendar No. 35,433.) Decided February 27, 1931.

Bill by F. N. Blanchard and others against the City of Detroit, a municipal corporation, and Charles L. Williams, city treasurer, to vacate a special assessment of paving taxes and for other relief. Decree for plaintiffs. Defendants appeal. Affirmed.

*Carl B. Grawn* and *Hayes & Maurer,* for plaintiffs.

*Walter Barlow* (*Clarence E. Wilcox,* of counsel), for defendants.

NORTH, J. By their bill in chancery plaintiffs seek to restrain the city of Detroit and its treasurer from enforcing payment of special assessments made against their respective properties incident to widening and paving Chicago boulevard, to have their properties decreed not to be subject to assessment for such widening or paving, and that the defendants be decreed to return to the respective plaintiffs the accrued installments paid by each of them. Plaintiffs were granted the injunctive relief sought and defendants were decreed to refund to them the assessments they had paid for paving, but not for the widening of the boulevard. The repayments decreed aggregate upwards of $30,000. Defendants have appealed.

The facts and circumstances out of which this litigation arises are the same as those in *Doherty* v. *City of Detroit,* 244 Mich. 660. We will not detail them here. The decree of the trial court follows and is fully sustained by the decision in the *Doherty Case,* with the exception of that portion which pro-

vides for repayment of the paving assessments to plaintiffs. That question was not presented to this court in the *Doherty Case.* The time of these various payments extends from 1924 to 1927. All of them preceded the decision in the *Doherty Case.* None of them were made under protest; but all were made with the belief on the part of both plaintiffs and defendants that the assessments as levied were valid and binding upon the respective parcels of property, and after the assessments, if valid, became a lien upon the land. The sole question presented by this record is the right of the defendants to have repayment decreed.

Plaintiffs claim that the special assessments paid by them under an invalid levy after such assessments became a lien upon their properties may be recovered, notwithstanding payment was without protest. In asserting that such payments were involuntarily made and are recoverable they rely largely upon *Newberry.* v. *City of Detroit,* 184 Mich. 188, and authorities therein cited.

The defendants contend that these assessments were voluntarily paid by plaintiffs and cannot be recovered; and further, that in any event plaintiffs cannot recover because no provision is contained either in the Detroit charter or in the statutes of this State under which the city is bound to repay these special assessments. In this particular they cite *Reliance Auto. & Supply Co.* v. *City of Jackson,* 244 Mich. 232, and other authorities.

There having been no material changes in the Detroit city charter in the meantime, under the decision in the *Newberry Case* these assessments must be held to have been paid involuntarily. See, also, *Pere Marquette R. Co.* v. *Ludington,* 133 Mich. 397; *Detroit Lumber Co.* v. *Arbitter,* 252 Mich. 99; and

extensive note in 64 A. L. R. 9, 112. Regardless of statements in some of the earlier decisions of this court which may seem to sustain a contrary holding, it is and for years has been the settled law of this State that an assessment paid after the levy became a lien upon the property is paid involuntarily. See *Newberry Case, supra*. Recovery of such special assessments is in no way affected by the statute (1 Comp. Laws 1929, § 3444) requiring a written protest as a condition precedent to the recovery of sums paid for general taxes. *Taylor* v. *Township of Avon*, 73 Mich. 604; *Thompson* v. *City of Detroit*, 114 Mich. 502. Plaintiffs herein paid the respective installments of these assessments without protest, but that circumstance does not render the payment voluntary. *Cox* v. *Welcher*, 68 Mich. 263 (13 Am. St. Rep. 339), and *Pere Marquette R. Co.* v. *Ludington, supra*. Defendants' contention that these assessments were voluntarily paid cannot be sustained.

As noted, defendants further contend that plaintiffs cannot recover because no provision for such recovery is contained in the Detroit city charter or in the statutory provisions of this State. We think a complete and conclusive answer to this contention is afforded by provisions of the Detroit charter and ordinance found in this record. The charter provides:

"The common council may also provide and ordain by ordinance, that whenever it shall appear that any taxes or assessments have been illegally assessed or collected, the common council may, by a vote of two-thirds of all the members-elect, direct and cause the amount so collected to be refunded out of the contingent fund, or in case it has not been collected, to vacate the assessment, and fix upon an amount, to be received in full of such tax or assess-

ment, and no such action on the part of the council, under such ordinance shall in any way affect or invalidate any other tax or assessment assessed, levied, or collected in said city." Detroit City Charter (1930 Revision), title 6, chap. 4, § 30.

An ordinance was adopted in conformity with the charter; and we think these provisions of the charter and the ordinance should be construed to mean not only that taxes illegally assessed and involuntarily paid may be refunded or repaid to those from whom they have been wrongfully exacted but that there shall be repayment by the city. If payment of a tax is involuntary, in the absence of statutory provision to the contrary, it may be recovered, although there is no express statutory provision therefor.

"It is a well settled rule that 'money got through imposition' may be recovered back; and, as this court has said on several occasions, 'the obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation.'" *Ward* v. *Love Co.,* 253 U. S. 17 (40 Sup. Ct. 419), citing cases.

*Reliance Auto. & Supply Co.* v. *Jackson, supra,* which appellants cite in support of their contention, differs from the instant case by reason of the Detroit charter and ordinance provisions above quoted. The record in the *Reliance Auto. Case* did not disclose a provision of this character in the Jackson charter. This was noted by Mr. Justice Potter, who stated:

"Special assessments paid may not be recovered, though paid under protest, except in accordance with the statute. Our attention is called to no provision in the charter of the city of Jackson authorizing the payment of special assessments or any part thereof

under protest and the recovery of moneys paid therefor by suit.''

The above should be construed to mean no more than that under the facts presented by the record in that particular case recovery could not be had for the special assessments paid. It may also be noted that there is a further material distinction between these two cases which is plainly pointed out in the concurring opinion of Mr. Justice Wiest. It is unnecessary to repeat it here.

While it seems difficult to reconcile it with appellant's contention that the Detroit charter "contains no provision requiring the city to refund illegal special assessments levied for local public improvements and voluntarily paid,'' it is also here asserted by appellants that the provisions made in the Detroit charter and ordinance for refunding or repaying assessments illegally collected are exclusive of all other remedies; and "the courts have no jurisdiction to curtail the power invested in the common council of said city by said provisions of its charter and ordinances to adjust and refund taxes and assessments illegally assessed and collected by the city.'' The claim that such jurisdiction or power is vested exclusively in the Detroit common council cannot be sustained. Neither the charter nor any statutory provision in this State lodges in the council such *exclusive* authority. In the instant case, plaintiffs' claims were first submitted to the council and rejected by it. The claims having thus been rejected, plaintiffs' right to assert any appropriate remedy in the courts cannot be doubted.

The decree entered in the circuit court is affirmed, with costs to appellees.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.