CRAWFORD *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—RES JUDICATA—TAXATION—JUDGMENT.

    Where complainant, in a suit to enjoin the city of Detroit from enforcing a special assessment, had, by a previous bill of complaint, raised the same questions, which had been decided favorably to her contention as to the same special assessment made by the village of Delray, subsequently annexed to the city, which attempted to cure prior defects by re-assessing the tax, the parties were bound by all matters decided in the first proceeding.

2. MUNICIPAL CORPORATIONS—TAXATION—SPECIAL ASSESSMENTS—INVALIDITY.

    The failure of a village council to pass a resolution determining the necessity for a proposed public sewer is a jurisdictional defect.

3. MUNICIPAL CORPORATIONS—CURING ERRORS—TAXATION — SPECIAL ASSESSMENTS—SEWERS AND DRAINS.

    Jurisdictional defects in levying a special assessment for the construction of a sewer are not curable after its construction, under an act authorizing the city of Detroit to vacate proceedings when they should be invalid, and cause a new assessment to be levied. Nor would such power extend so as to include taxes of a village later annexed to the city, in the absence of special statutory authority.

Appeal from Wayne; Hosmer, J. Submitted November 16, 1910. (Docket No. 62.) Decided March 29, 1912. Rehearing denied July 22, 1912.

Bill by Mary A. Crawford and others against the city of Detroit to enjoin the enforcement of a special sewer tax. From a decree for complainant, defendant appeals. Affirmed.

*Walter Barlow* (*P. J. M. Hally,* of counsel), for appellant.

*Wilkinson, Post & Oxtoby* and *James Swan,* for appellees.

Bird, J.   The bill of complaint was filed in this cause by Mary A. Crawford on behalf of herself and 95 other complainants to enjoin the city of Detroit from enforcing a special assessment to defray the cost of the construction of lateral sewers in that part of the city of Detroit which was formerly the village of Delray.   At the conclusion of the hearing, the trial court granted the relief prayed and the defendant has appealed to this court.⌉

A few months prior to the annexation of the village of Delray to the city of Detroit, the village council took steps to construct certain lateral sewers extending over a large area in the village.   Certain proceedings preliminary to their construction were had by the council and the contract was let for their construction.   As soon as it became known that the contract was let, this complainant filed her bill of complaint in the Wayne circuit court, in chancery, praying that the village authorities be enjoined from making a special assessment to defray the cost of the sewer.   A hearing was had and that court declared the proceedings illegal and void, and enjoined any further steps in the making of said special assessment.   The decision was announced two days before annexation became a fact.   The Detroit city council then took up the matter and ordered a reassessment of the district benefited and attempted to enforce it, whereupon the complainant filed the present suit to restrain the collection.

Counsel appear to have considered and discussed upon the second hearing substantially the same questions that were discussed and decided on the first hearing.   We shall not concern ourselves with the propositions involved in the first hearing, as there was no appeal from the decree of the Wayne circuit court, and those questions must be regarded as settled and binding upon all the parties.

The question which is open for review upon this record is, What force shall be given to the subsequent proceedings of the Detroit city council in which it attempted to cure the defects in the village proceedings after they had been declared void by the court?

After the village became a part of the city, the city council attempted to cure the defects in the village proceedings by passing the following resolution:

" Whereas, the village council of the village of Delray did determine to construct certain lateral sewers for the proper drainage of that part of said village bounded on the north by the Wabash railroad, on the east by Crawford avenue, on the south by River street and on the west by Louis avenue, and whereas, said village council did cause to be made a map and plan of said proposed lateral sewers, which said map and plan, together with an estimate of the cost of said proposed work, was filed in the office of the village clerk of said village, as required by section 2791 of the Compiled Laws of the State of Michigan for 1897. Whereas, the said village council of the said village of Delray did establish an assessment district, in which said district was included the lands and premises which in the opinion of said village council would be benefited by the drainage by said lateral sewers aforesaid, and which said village council intended to assess for the costs of said lateral sewers, and whereas, said village council did cause a special assessment roll to be made, known as special assessment roll No. 11, upon which were assessed the lands and premises aforesaid benefited by the construction of said lateral sewers; and whereas, said lateral sewers have been constructed in part, and private property has been benefited thereby; and whereas, the said special assessment aforesaid has been vacated and held invalid by a decree of the circuit court for the county of Wayne, on account of certain errors and omissions in the proceedings of said village council, and in said special assessment, and whereas, since the proceedings aforesaid were taken by said village council, and the rendition of said decree, the territory of said village of Delray has been annexed to and is now a part of the city of Detroit, and is now subject to the provisions of the charter of said city; and whereas, the said plan of said lateral sewers aforesaid has been approved by the city engineer, and the committee on sewers of this council, together with the estimate of the costs of said work, aforesaid; therefore, resolved, by the common council of the city of Detroit that it is deemed necessary to construct and complete said lateral sewers aforesaid in accordance with the plan thereof aforesaid now on file in the office of the city engineer, which said plan is hereby

approved. Resolved, that for the purpose of making a reassessment for defraying and paying the cost of said lateral sewers aforesaid the lots and parcels of real estate abutting on said lateral sewers respectively, as shown on said map and plan therein, which said lateral sewers are ordered to be constructed shall be and the same is hereby constituted and declared one local assessment district for the lateral sewers respectively as so constructed. Resolved, that the city engineer be and he is hereby ordered and directed to make an assessment on the lots and parcels of real estate within the limits of said lateral sewers and abutting thereon, according to the benefits which said lots or parcels of real estate shall receive from said improvement.''

It is argued by counsel for the city that the passage of this resolution ordering a reassessment cured the defects which the court found in the village proceedings. We are unable to agree with counsel in this contention for the reasons, *first*, that the subsequent action of the council could not cure jurisdictional defects; *second*, because the resolution passed by the city council did not purport to cure any defect which occurred prior to the time of making the assessment.

*First*, an examination of the opinion and decree of the circuit court on the first hearing will disclose that the defect most relied upon to defeat the proceedings was the failure of the village council to pass the resolution declaring its determination to construct the sewer in accordance with 1 Comp. Laws, §§ 2795 and 2833. The failure to pass this resolution has been several times held by this court to be a jurisdictional defect and to vitiate the entire proceeding. The question was before the court in *Hoyt* v. *City of East Saginaw*, 19 Mich. 39 (2 Am. Rep. 76). Mr. Justice COOLEY, in commenting upon the failure to pass this resolution, among other things, said:

"It is evident, I think, that under the charter of East Saginaw, the declaration of the necessity for the improvement is a distinct act from and precedes the order that the improvement shall be made. It is the commencement of the proceeding, and is as indispensable to give the council

jurisdiction as is process or the voluntary appearance of parties in civil actions to give jurisdiction to a court. It is the first of several steps, which, if duly and regularly taken, may result in fixing a lien upon the property of the citizen, and even in depriving him of it against his will. This step having never been taken, the whole proceeding is a nullity."

A similar question was involved in the case of the *Bay City Traction, etc., Co.* v. *Bay City,* 155 Mich. 393 (119 N. W. 440), in which the case of *Hoyt* v. *City of East Saginaw* was cited with approval and a like conclusion was reached.

These cases establish the law that the failure of the village council to pass the resolution required by these sections is a jurisdictional defect, and, if it is a jurisdictional defect, it was not cured by the subsequent resolution of the council.

*Second,* the city relies upon section 197 (1904) of its charter to give force to its resolution; the material portion of which reads as follows:

"Whenever in any proceedings heretofore or hereafter made for the purpose of paving any street or alley or public places, or for the construction or repairing of any sidewalk or sewer * * * and the same shall, in the opinion of the common council, be invalid, said common council may vacate and set the same aside, and when any errors or omissions may appear in any such proceedings in the making of said improvement, or in any assessment roll or in any certificate thereto, the common council may order the same to be corrected, and when any such special assessment shall be so vacated or held invalid by the judgment or decree of any court of competent jurisdiction on account of any error or omission in said proceedings or in said assessment, the common council may cause a new special assessment to be made, for the purpose for which the original assessment was made."

The power conferred by this charter provision would not authorize the council to cure jurisdictional defects; nor did it attempt by its resolution to cure any defect in the proceedings anterior to the assessment. It is obvious

that the ordering of a reassessment would not cure a defect in the proceeding which lay at the foundation of the proceeding. If the village proceedings were declared void for a jurisdictional defect and the city council could not, by resolution, cure the defect, then it follows that the whole controversy was disposed of on the first hearing, and, no appeal having been taken therefrom, the conclusions and decree of the trial court are final.

There is another serious objection to sustaining this proceeding, and that is the failure of the legislature to authorize the city council to complete improvements which were authorized and partially completed under the village law. The question which it presents is this: May improvements be authorized and partially completed under the village act and afterward finished under the city act, without authority from the legislature? We are unable to find anything in the act authorizing annexation which confers such authority. The question, however, is not raised, and it will be unnecessary to determine it.

Counsel for the city argue that 13 of the complainants signed the petition for the improvement and therefore should be estopped. That question was included among those questions which were raised and disposed of by the trial court in the first hearing. It is now too late to raise the question on appeal.

The decree of the trial court will be affirmed. No costs will be allowed either party in this court.

McAlvay, Brooke, Blair, and Stone, JJ., concurred.