PACCALONA *v.* PENINSULA BARK & LUMBER CO.

1. JUDGMENT — RES JUDICATA — ISSUES CONCLUDED — ABATEMENT OF ACTIONS.
    It was erroneous to overrule a plea of former adjudication, in an action upon a contract to manufacture tan bark that plaintiff claimed to have delivered to defendant, where defendant had brought a previous action against plaintiff and had recovered a judgment against him for over-payments on the contract and where plaintiff subsequently brought this action to recover damages for bark delivered, not credited, as he claimed, in the previous verdict, but necessarily passed upon by the former verdict and judgment, since the issue therein depended upon the amount of bark delivered and the payments made.

2. SAME—SET-OFF—CONCLUSIVENESS OF JUDGMENT.
    Plaintiff could not divide his claim into two portions, treating part of it as a set-off which he need not try out in the first proceeding.

Case-made from Chippewa; Steere, J.   Submitted June 8, 1911.   (Docket No. 21.)   Decided October 1, 1912.

Assumpsit by Louis Paccalona against the Peninsula Bark & Lumber Company for an amount due plaintiff for services rendered and materials furnished under a special contract.   An order overruling a plea in abatement is reviewed by defendant on writ of error.   Reversed.

*E. S. B. Sutton,* for appellant.

*Albert E. Sharpe,* for appellee.

BIRD, J.  The complainant commenced an action of assumpsit against the defendant, and filed his declaration containing a special count and also the common counts,

and later he filed a bill of particulars showing that his claim was for 225¾ cords of tan bark at $4 per cord.

The defendant filed a plea in abatement, which set up, in substance, a former adjudication of plaintiff's claim. A hearing on the plea in the trial court resulted in an order overruling it. The defendant now contends in this court that the trial court was in error in overruling its plea.

The record discloses that Paccalona contracted with the defendant company to manufacture certain quantities of logs and tan bark during the seasons of 1906–08. For manufacturing the tan bark, he was to receive $4 per cord. After the close of the last season, the defendant claimed that it had overpaid plaintiff, and sued to recover the excess. Paccalona pleaded the general issue and gave notice of a former settlement; and, further, that the defendant company's system of checking was an unfair one. The issue was tried out, and the jury found due the defendant company $140.77. It is this judgment which the defendant now claims is *res adjudicata* of Paccalona's claim.

The plaintiff, to avoid the effect of this judgment, argues that, whereas defendant gave him credit in that suit for 2,310¼ cords of bark, he was really entitled to credit for 2,536 cords. He insists that he is not attempting to recover for what he was given credit in the other suit, but only such part, to wit, 225¾ cords, which he was not credited with.

The defendant, on the other hand, argues that it sued plaintiff to recover the over-payment on certain special contracts, and filed a bill of particulars showing the entire amount of logs and bark delivered to it on the contracts and the amount of the advancements made thereon, and that plaintiff put in his pleadings and made a defense, and that upon the whole account the jury found him indebted to it in the sum of $140.77, and that the question litigated necessarily involved the amount of bark which he delivered; that if plaintiff were entitled to the 225¾ additional

cords, he should have made a claim for it in that suit, but, having failed to do so, he is now estopped by that judgment.

The subject-matter of the contracts between the parties was the manufacturing of logs and bark. As the work proceeded upon these contracts, advancements were made to Paccalona. When the work was finished and checked up, the company's books showed that Paccalona had been overpaid. The suit to recover this overpayment followed. It would seem as though the question of how much bark had been delivered upon these contracts was in issue at that trial. It would, indeed, be difficult to ascertain how much overpayment, if any, there had been upon the contracts, without first determining the quantities of logs and bark it delivered in pursuance of them.

It is argued that the law made it optional with Paccalona whether he would litigate his set-off in that action or in the present one, and that, as he pleaded no set-off in the former suit, he is at liberty now to sue and recover for it. We cannot adopt this reasoning. If Paccalona's set-off had consisted of an independent claim against the company, outside of the contracts, we agree that the law would permit him to do so, but when his claim grows out of certain contracts, and the issue is to determine what was due upon these contracts, and the subject-matter of the set-off must be used in determining that amount, it then becomes the duty of Paccalona to present his whole claim; and if he fails so to do he will be estopped from afterwards asserting it in a counteraction. Suppose Paccalona's set-off had been for certain bark delivered to the company before these contracts were made, or for extra work after they were made, then it would be clear, as counsel argues, that he could plead it in set-off to the company's demand, or withhold it and bring a countersuit; but such is not the case here. Paccalona's set-off grows out of the contracts, and, in order to determine the issue, it was necessary to determine how much bark was delivered by Paccalona upon the contracts. If he failed to

assert his claim, which he now insists upon, we think he is estopped from showing it.

Much reliance is placed upon *McEwen* v. *Bigelow*, 40 Mich. 215, by plaintiff in support of his contention. The present case differs from that one, in that the subject-matter of both of the cases involved in this litigation is confined to matter growing out of the contracts; whereas in *McEwen* v. *Bigelow* there was no controversy over the amount due upon the special contract, but the differences arose over the claim for "extras" which were outside of the contract.

We are of the opinion that the cause of action was not divisible, and that plaintiff's claim is barred by the former adjudication. *Hazen* v. *Reed*, 30 Mich. 331; *Huntoon* v. *Russell*, 41 Mich. 316 (2 N. W. 38).

The order of the trial court overruling the plea is vacated, and one will be entered sustaining it.

MOORE, C. J., and McALVAY, BROOKE, and OSTRANDER, JJ., concurred.