## WANNER *v.* MARTIN.

APPEAL AND ERROR—DEMURRER TO PLEA—FINAL JUDGMENT.
Error does not lie to review an order sustaining plaintiff's demurrer to defendant's plea in abatement, with leave to defendant to plead to the declaration, because the order entered is not a final determination; defendant's remedy is by writ of certiorari under Act No. 310, Pub. Acts 1905.

Error to Saginaw; Gage, J. Submitted October 10, 1912. ( Docket No. 25.) Decided January 3, 1913.

Case by Madeline Clements Wanner against Fred J. Martin for slander. Defendant pleaded in abatement and a demurrer to the plea was sustained. Defendant brings error. Dismissed.

*McHugh, Gallagher & McGann,* for appellant.

*Thomas A. E. Weadock,* for appellee.

OSTRANDER, J. To plaintiff's declaration defendant filed a plea in abatement, and to this plea plaintiff demurred. The demurrer, coming on to be heard, was sustained, with leave to defendant to plead issuably. De-

fendant sued out a writ or error. It is objected on the part of appellee that the order of the court below is not final. We are referred to the case of *Campbell* v. *Hudson*, 106 Mich. 523 (64 N. W. 483), as authority for the proposition that the order sought to be reversed is final. In that case a demurrer to a plea was overruled, and it was said by this court that, although not final in form, the order was in substance and effect a final determination of the case, and that the trial court should have entered judgment quashing the writ. It is plain that the order now sought to be reviewed is not a final order. An expeditious method of reviewing such rulings is created by Act No. 310, Pub. Acts 1905.

The writ is dismissed, with the costs of printing the brief and an attorney's fee of $15 to appellee.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.