CITY OF SAULT STE. MARIE v. MINNEAPOLIS, ST. PAUL &
SAULT STE. MARIE RAILWAY CO.

1. APPEAL AND ERROR — PLEA IN ABATEMENT — FINAL JUDGMENT —
WRIT OF ERROR—STATUTES.

Upon the entry of an order overruling a plea in abatement
to plaintiff's declaration, the proper practice is not to
review the judgment by writ of error but by the more
expeditious method provided by Act No. 310, Pub. Acts
1905 (5 How. Stat. [2d Ed.] § 12737 et seq.).

2. TAXATION — SPECIAL ASSESSMENT—SEWER TAX—CITIES—VALID-
ITY.

Where the defendant had filed a bill of complaint to avoid
certain special assessments for a sewer and the final
decree in a court of chancery determined that the tax
was invalid on the ground that the city attorney acted
as a member of the board of review without legal author-
ity, and where the court entered a decree determining
that the tax was invalid in so far as it affected the land
of defendant railway company, the decree determining
that the equities were with complainant upon part of the
allegations of the bill, and that the several proceedings
to assess the tax were invalid, was not· res judicata as
to the right of the city to recover the special assessment;
and the final decree did not determine that the several
resolutions of the council constituting a part of the pro-
ceedings were necessarily invalid.

3. SAME.

Held, that the words "several proceedings" employed in
the decree referred to the validity of the entire proceed-
ing and not to the preliminary resolutions in the council
initiating the public improvement.

4. SAME — CHARTER PROVISIONS — SPECIAL ASSESSMENTS — SEWER
TAX—PUBLIC NECESSITIES.

Under the language of the charter of the city of Sault Ste.
Marie providing that the council shall construct sewers
which it may deem advisable, it was not essential that
the council declare in its initial resolution that the sewer
was a public necessity:  the resolution was valid if it

followed the language of the charter. If the declaration of necessity is required by the charter or by statute, the failure to conform to the enactment would avoid the proceedings.

Error to Chippewa; Fead, J. Submitted January 15, 1915. (Docket No. 101.) Decided March 18, 1915.

Assumpsit by the city of Sault Ste. Marie against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company for a special sewer tax. Judgment for plaintiff. Defendant brings error. Affirmed.

*E. S. B. Sutton* (*John L. Erdall,* of counsel), for appellant.

*F. T. McDonald,* for appellee.

KUHN, J. This is an action in assumpsit, brought to recover payment for certain special taxes levied by the plaintiff against the defendant, arising out of the construction of a sewer known as the "Meridian Street Sewer System," which sewer was adjacent to some of the right of way of the property of the defendant company.

In the year 1909 the plaintiff city, in accordance with the provisions of its charter, proceeded to take steps to levy a special assessment for the construction of this sewer system. Two-thirds of the cost of construction thereof was to be paid by the property owners to be benefited thereby, and was to be levied in five equal annual installments, and the city was to pay the remaining one-third of the cost.

After certain proceedings were had under the charter, and the sewer was constructed and the special assessment levied and placed in the hands of the city treasurer for collection, and some of the taxes had been paid, the defendant company filed a bill in chancery against the city, asserting that the special assess-

ment was void, and praying the court to grant a perpetual injunction restraining the collection of the assessment. This cause was brought to an issue, and upon a hearing on the 12th day of March. 1910, the chancellor who heard the case decreed:

"That the said tax assessed against the said parcel of land belonging to the said complainant, * * * and the said special assessment roll, and the several proceedings to assess the same, are invalid and void."

To the bill of complaint filed by the complainant in that cause there were attached three exhibits, known as Exhibits A, B, and C—Exhibit A, dated June 7, 1909, being the first or initial resolution, to initiate the proceedings; Exhibit B, dated June 28, 1909, being the second resolution, the report of the board of public works on the sewer; and Exhibit C, dated July 12, 1909, the third resolution, which fixed the districts, etc. It also appears that on August 23, 1909, a resolution was adopted by the council appointing a board of review. Other proceedings were had which need not be referred to, and the assessment roll was placed in the hands of the city treasurer, who proceeded to collect, and did collect, some of the taxes, as before stated.

After the rendition of the decree in the chancery court, the common council on April 18, 1910, passed a resolution rescinding the resolution adopted by the council on August 23, 1909, appointing a board of review, and all subsequent proceedings in connection with the levy of the special assessment roll, which roll was declared inoperative and void by this rescinding resolution, and the assessments paid were ordered refunded. Thereupon other proceedings were had, and finally a new roll was made, under date of April 29, 1910, by the city assessor, as the charter required, and turned over to the city treasurer for the collection of taxes assessed. Defendant having refused payment, the city thereupon instituted suit against it for four

of. the five installments of taxes which had accrued thereunder.

To the plaintiff's declaration, the defendant interposed a plea in abatement, upon which issue was joined and a trial had before the court without a jury. The plea in abatement being overruled, the cause was brought here by a writ of error. At the argument of this cause, the question was raised as to whether or not the order overruling the plea in abatement in the instant case was such a final judgment or determination as to justify removal of this cause to this court by a writ of error under section 10484, 1 Comp. Laws (section 14099, 5 How. Stat. [2d Ed.]).

The attention of the court was called to the case of *Paccalona* v. *Bark & Lumber Co.*, 171 Mich. 605 (137 N. W. 518), where this practice seems to have been followed, although it does not appear from the opinion therein filed that any question was raised with reference to it. In the more recent case of *Wanner* v. *Martin*, 173 Mich. 503 (139 N. W. 249), the practice here resorted to, however, is condemned, as a more expeditious method of reviewing such rulings is created by Act No. 310, Pub. Acts 1905 (5 How. Stat. [2d Ed.] § 12737). However, as the cause has been argued on its merits, it will in this instance be so considered.

It is the contention of the appellant that the first three resolutions of the common council, which were the initial proceedings in the levying of this special assessment, are of no force and effect, and cannot be used as a part of the proceedings to assess the tax in question, because of the expression in the chancery decree, "the several proceedings to assess the same are invalid and void;" and the plea herein interposed asserts, therefore, that these matters are *res adjudicata*.

It appears that one of the reasons assigned in the

bill in the chancery case for voiding the first roll is that the city attorney could not sit on the board of review, and it is conceded that he did so act without authority in the city charter, which charter specifically provides who should act on such boards. The decree of the chancery court also declared:

"It appears to the court that the equities are with the complainant as to some of the allegations in said bill contained."

So that it follows that the chancery court confined the invalid proceedings to some and not all of the allegations of the bill. The decree in terms holds no more than that the tax roll and the proceedings to assess the tax are invalid, in so far as they affect the defendant's land as it appears on the assessment roll.

We are of the opinion that the language of the decree is not subject to the interpretation given thereto by counsel for the appellant, who contends that the resolutions of June 7th, 28th, and 29th, especially the primary resolution of June 7th, were directly involved in the injunction suit, and that the language of the decree expressly held that they were void and of no effect. In our opinion the language of the decree, "the several proceedings to assess the same," must be held to refer to those proceedings undertaken by those charged with the performance of assessing the tax. This court has defined the word "assess" to mean "to set, fix, or charge a certain sum to each taxpayer." *Seymour* v. *Peters,* 67 Mich. 415, 418 (35 N. W. 62, 65). It is clear that under this definition the proceedings to assess would be such proceedings as are taken by the assessor and board of review in accordance with the provisions of the charter. Sections 4 and 6, chap. 21, Act No. 418, Local Acts 1903. The common council, under this charter, did not assess or value the property or have anything to do with the proceedings to assess the tax, as these acts were performed by

the other charter officers whose duties are pointed out in the provisions above referred to. It follows, therefore, that the "several proceedings," which are declared invalid and void in the decree, are not the three resolutions of the council here in question. These proceedings could be regular and valid, and still the proceedings to assess might be invalid and void.

It is said, however, that the initial proceeding was invalid, inasmuch as the initial resolution of June 7, 1909, was void for the reason that it did not declare that the improvement sought to be made was a "public necessity," but followed the language of the charter of the city and the statute, stating simply that the council "deemed advisable" this sewer; and it is contended that the failure to so declare deprives the council of jurisdiction to proceed, by virtue of the ruling of this court in *Hoyt* v. *City of East Saginaw,* 19 Mich. 39 (2 Am. Rep. 76). In that case, however, the charter granted to the city by the legislature of the State required from the common council an express preliminary declaration that they deemed the improvement necessary. Where such a declaration of necessity is required by charter or statute, unquestionably a failure to so declare would make void any proceedings based thereon, as it is jurisdictional. 28 Cyc. p. 978; 25 Am. & Eng. Enc. of Law (2d Ed.), p. 1212. But in the case before us the charter of the city does not require any such declaration, and simply provides that the resolution shall be passed if the council deem it advisable, and it is a general rule of law that it is not requisite that the resolution state that the improvement is necessary, unless the charter or statute expressly provides it, for the reason that, such resolution or ordinance having been enacted by the officers whose duty it is to determine the necessity, it is in itself deemed a sufficient declaration of the fact. See 25 Am. & Eng. Enc. of Law (2d Ed.), p. 1212;

Page and Jones on Taxation and Assessment, § 832, and cases cited.

In the case of *Bay City Traction Co.* v. *City of Bay City*, 155 Mich. 393, at page 402 (119 N. W. 440), the language of the charter provision involved required simply that the aldermen shall by resolution declare that the improvement is expedient. In the case of *Crawford* v. *City of Detroit*, 169 Mich. 293 (135 N. W. 314), it is held that the failure of the council to pass a resolution declaring its determination to construct the sewer, in accordance with sections 2795, 2833, 1 Comp. Laws, is a jurisdictional defect, and cannot be cured by a subsequent resolution of the council. The cases of *Hoyt* v. *City of East Saginaw, supra,* and *Bay City Traction Co.* v. *City of Bay City, supra,* are cited with approval.

The proceedings to assess the defendant's property in the instant case were in accordance with the requirements of the plaintiff's charter, and therefore the cases above cited do not govern.

Being satisfied that the trial court was correct in its conclusion that it does not appear from the decree that the resolutions here involved were passed on adversely to the plaintiff in the former suit, and that consequently they are not *res adjudicata,* we are of the opinion that the order overruling the plea in abatement should be affirmed.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred. STEERE, J., did not sit.