PAGENKOFF *v.* PATRONS' MUTUAL FIRE INSURANCE CO.

DISMISSAL AND NONSUIT—JUDICATURE ACT—MATTERS IN BAR.

Under the judicature act (Act No. 314, chap. 14, § 4, Pub. Acts 1915, 3 Comp. Laws 1915, § 12456), a motion is improper because not setting up matters which might have been raised by demurrer, plea in abatement, or plea to the jurisdiction under the former practice, which is made to dismiss an action by a member of a farmers' mutual fire insurance company, based upon an award of an adjusting board, on the grounds that the subject-matter sued on had been submitted to the company's arbitrating board, after an appeal from the adjusting board, and an award made which was final and conclusive, and the plaintiff has been extended all rights contemplated by the contract for settlement of disputes in the adjustment of losses.

Certiorari to Menominee; Flannigan, J. Submitted April 10, 1917. (Docket No. 122.) Decided July 26, 1917.

Assumpsit by William Pagenkoff against the Patrons' Mutual Fire Insurance Company of Michi-

gan, Limited, on a policy of insurance. From an order denying a motion to dismiss, defendant brings certiorari. Affirmed.

*G. L. Leibrand,* for appellant.

*Michael J. Doyle,* for appellee.

KUHN, C. J. The defendant is a farmers' mutual fire insurance company. The plaintiff applied for insurance therein on June 1, 1914, and on the 22d of May, 1915, he made another written application for increased insurance, upon which policies were issued on or about the above dates. The articles of association of the defendant company provide that, if the property insured shall be incumbered after such policy is issued the policy is void, unless the consent of the president and secretary of the company be indorsed in writing upon the policy and signed by both of them. A similar provision is found in the by-laws of the company. It is the claim of the defendant that without the knowledge or consent of the company, and in violation of the provisions of the policy contract, by which the assured accepted the insurance subject to the articles of association and the by-laws of the company, he placed a chattel mortgage on a horse for $275 after the policy was issued. On August 1, 1915, defendant company received formal notice of loss from the plaintiff, which for the first time disclosed to the defendant the existence of the chattel mortgage. In accordance with another provision of the articles of association of the company an adjusting board consisting of a director of the company, a member of the grange to which the plaintiff belonged, and a member of a nearby grange adjusted the plaintiff's loss at $315, which was made up of the chattel mortgaged horse in question, $150, and other property loss, $165. The articles of association also had the following provision:

"Article VI. In case the loser or the company is not satisfied with the findings of the adjusting board, either as to the justice of the claim, the validity of the policy, the liability of the company or as to the amounts and valuations as fixed by said board, he or it, as the case may be, shall make appeal to the board of arbitration within thirty days from such findings, as follows: He shall notify the secretary of the company in writing of such determination to appeal and deposit with him $10.00. Within ten days after giving such notice and deposit the secretary shall notify the members of the board of arbitration and the appellant of the place and time of hearing, which time shall not be more than thirty days from the date of appeal. In case the claim of the loser shall be sustained, in whole or in part, by the board of arbitration, the $10.00 deposit with the secretary shall be returned to such loser. If, however, the claim of the loser in whole or in part shall not be sustained by the board of arbitration, then said deposit shall be applied as his portion of the expenses of the board of arbitration and the hearing of such appeal. In case the company desires to appeal from the findings of the adjusting board to the board of arbitration, the secretary shall notify such board and loser in the same manner as is provided in case where the loser appeals. And no appeal to such board of arbitration shall be taken by either the loser or the company after the expiration of thirty days from the date of the findings; but in such case, the findings of the adjusting board shall be final and conclusive as to both the loser and the company."

The company, not being satisfied with the adjustment, attempted to appeal therefrom to the board of arbitration, and under date of September 16, 1915, gave plaintiff notice of the said appeal by mail. On September 24, 1915, the secretary of the defendant company notified the plaintiff and the members of the board of arbitration that the board would meet for the purpose of considering plaintiff's claim at the Bancroft Hotel at Saginaw, Mich., on Thursday, October 7, 1915, at 1 o'clock in the afternoon. Mr. Doyle, at-

torney for the claimant, attempted to have the hearing postponed by writing a letter to the secretary, and was advised that the board of arbitration only had the power to postpone action, and he thereupon requested Mr. Beach, an attorney at Saginaw, to look after the matter for him. On October 6, 1915, Mr. Beach wrote a letter to the secretary of the company which is as follows:

"*Dear Sir:* I have received a letter from Michael A. Doyle, of Menominee, Michigan, in reference to the claim of *Pagenkoff* v. *Patrons' Mutual Fire Insurance Company,* in which Mr. Doyle desires me to have the matter held open for two weeks from October 7th, at 1 o'clock, as your notice provides that the meeting will be held at the Bancroft Hotel on Thursday, October 7th, at 1 o'clock.

"I wish you would kindly let me know if you can adjourn this hearing for two weeks, and you may fix the time of hearing at my office, No. 212 Bearinger Building, Saginaw, Michigan, as you know at the present time there is no such hotel as the Bancroft, as it has been torn down, and we would certainly have to give another notice and fix the time of hearing and at some other point in Saginaw.

"Kindly let me know by wire and oblige,

"Yours respectfully,

"E. L. BEACH."

When the members of the board of arbitration arrived at Saginaw it was found that the Bancroft Hotel had been torn down and was in the process of being rebuilt. They therefore, on October 7, 1915, at 1 o'clock in the afternoon, met and organized on the site of the Bancroft Hotel, and afterwards adjourned to Wright's Hotel, across the street from the Bancroft Hotel, and there considered plaintiff's claim, and made an award of $165.25, which was the amount allowed by the adjusting board, minus the $150 which was allowed for the chattel mortgaged horse. Neither the plaintiff nor any one in his behalf appeared before the arbitration board.

Suit was brought by the plaintiff in the circuit court based upon the award made by the adjusting board, and a tender was there made by the defendant of $192.40, the amount of the award of the board of arbitration with interest and costs to date, which was refused. The defendant thereupon made a motion to dismiss the case for the following reasons:

"(1) That the subject-matter sued upon had been submitted to the company's board of arbitration, and an award made by said board which was final and conclusive, and no suit at law could be commenced or maintained to recover any further or other sum.

"(2) Plaintiff had been extended and offered every right contemplated by the policy contract declared upon in the event that he has not in the past availed himself of the said rights and privileges contemplated by the policy contract for the settlement of disputes in the adjustment of losses."

The motion was based upon the affidavit of the secretary of the defendant company setting forth the facts substantially as above narrated. This motion was overrued by the trial judge, and the record is now brought before this court by certiorari to review the action of the circuit judge in overruling the motion.

We are of the opinion that the merits of the motion to dismiss are not before us, or that they should have been considered by the trial court. Section 4, chap. 14, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12456), provides:

"Demurrers, pleas in abatement, and pleas to the jurisdiction are abolished. All questions heretofore raised by such plea or demurrer, shall hereafter be raised by motion to dismiss, or in the answer or notice attached to the plea; and in case such questions are raised by answer, or by notice attached to the plea, the same may be brought up for determination by the court, in advance of the trial of said cause, upon four days' notice by either party. The plaintiff shall at any time, either before or after the hearing of the questions so raised, be entitled to amend his pleadings,

so as to meet the objections raised thereto, upon such terms as the court may deem proper.".

Unless the matters set up in this motion to dismiss are matters which might have been raised by demurrer, plea in abatement, or plea to the jurisdiction under the former practice, they cannot be made the basis of a motion to dismiss. The declaration counts upon the award of the adjusting board, and is not questioned as properly setting up a cause of action on such award; therefore this motion does not assume the functions of a demurrer under the former practice. While the motion, in language, questions the jurisdiction of the court, that jurisdiction is questioned solely because of the facts set up in the motion, and which have no tendency to oust the court of jurisdiction. There is nothing upon the face of the record, or so far as disclosed or suggested, which would indicate that the circuit court for the county of Menominee did not have jurisdiction over the person and subject-matter. This motion does not go to the jurisdiction of the court and saying that it does in the motion does not make it so. Unless the facts alleged show a want of jurisdiction of either subject-matter or person, no jurisdictional question is raised. In the instant case no jurisdictional question is raised by the motion, and it cannot be regarded as a substitute for a plea to the jurisdiction. We are therefore left to inquire whether the matters set up in the motion are such matters as, under the former practice, could be raised by plea in abatement.

An analysis of defendant's motion, together with the affidavit upon which it is based, discloses that defendant is insisting that the plaintiff is not entitled to recover upon the award of the adjusting board because subsequent to such award another and different award was made by the board of arbitration provided for by the by-laws of defendant. If the award of the board

of arbitration is a valid one and binding upon plaintiff, a subject upon which we need to express no opinion, the plaintiff is not entitled to recover on the award of the adjusting board. If valid, it is, in our judgment, a bar to the plaintiff's right to recover, and not an abatement of his right to proceed.

Our attention is called to *Paccalona* v. *Lumber Co.*, 171 Mich. 605 (137 N. W. 518), where former adjudication was pleaded in abatement. But no question of practice was there raised, and the questions presented were disposed of without questioning the propriety of the manner in which they were raised. *City of Sault Ste. Marie* v. *Railway Co.*, 184 Mich. 681 (151 N. W. 649). Here plaintiff insists in his brief and oral argument that the matters set up in defendant's motion are matters which may only be disposed of on the trial, and cannot be disposed of in this summary manner on motion to dismiss. We think he is correct in his contention, and that we cannot, and ought not, dispose of cases on motions to dismiss, except as provided in the judicature act. This motion does not come within the provisions of the act, and the order overruling it should be, and is hereby, affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.