THOMAS CANNING CO. *v.* CANNERS' EXCHANGE SUB-
SCRIBERS AT WARNER INTER-INSURANCE BUREAU.

CERTIORARI—OVERRULING MOTION TO DISMISS—REVIEW.
> The judicature act (section 4, chap. 14; section 12456, 3
> Comp. Laws 1915) having abolished all demurrers, pleas
> in abatement, and pleas to the jurisdiction, and requiring
> that all such questions of demurrer and plea shall now be
> raised by motion to dismiss or by notice annexed to the
> plea, certiorari will not lie to review the action of the
> trial judge in overruling a motion to dismiss for reasons
> stated in the notice attached to the general issue.

Certiorari to superior court of Grand Rapids; Dun-
ham, J. Submitted April 16, 1918. (Docket No. 97.)
Decided June 3, 1918.

Assumpsit by the Thomas Canning Company against
the Canners' Exchange Subscribers at Warner Inter-
Insurance Bureau and others on policies of insurance.
From an order denying a motion to dismiss, defend-
ants bring certiorari. Affirmed.

*Kleinhans, Knappen & Uhl* and *Zane, Morse & Mc-
Kinney,* for appellants.

*Colin P. Campbell* (*Henry C. Walters,* of counsel),
for appellee.

MOORE, J. The plaintiff brought suit to recover for
fire losses claimed to be covered by policies of insur-
ance issued by defendants. On October 30, 1917, de-
fendants pleaded the general issue and gave notice of
a number of special defenses. December 18, 1917, de-
fendants moved the court to dismiss the case for rea-
sons stated in various paragraphs contained in the
notice of special defenses attached to the plea of the
general issue. This motion was overruled. Certiorari

is brought to review the action of the trial judge in overruling the motion to dismiss. Upon the oral argument the Chief Justice, for the court, called the attention of the attorneys for the appellants to the method of bringing the litigation at its present stage into this court.

In the appellants' reply brief is the following:

"The issue is as to the sufficiency as matter of defense of the facts stated in the notice under the amended plea.

"By section 2, chapter 14, of the judicature act (3 Comp. Laws 1915, § 12454), declarations in common use are retained. By section 10, chapter 14 (§ 12462), the only pleading by the defendant is the general issue which, by section 11 (§ 12463), is a demand for a trial. By section 12, chapter 14 (§ 12464), all matter of defense requiring to be specially pleaded, must be stated by way of notice annexed to the general issue.

"By section 4, chapter 14 (§ 12456), all demurrers, pleas in abatement and pleas to the jurisdiction are abolished. All such questions of demurrer and plea shall now be raised by motion to dismiss, or by notice annexed to the plea, and where such questions are raised by the notice under the plea, the same may be brought on for hearing and determination before trial by either party. If the defect of plaintiff's declaration appears on the face of the declaration, a defendant moves to dismiss instead of demurring. If the matter of defense requires the statement of facts, such facts are stated in the notice under the general issue and a plaintiff, if he wishes to deny the facts set up in defense, amends his declaration. If he does not think the matter sufficient or if he does not desire to amend, he stands upon his declaration and either he or the defendant may bring the special matter on for hearing and have the judgment of the court as to its sufficiency. * * *

"If the policy and power of attorney in question here had been set forth in the declaration, the defendants could have moved to dismiss. But since the documents which form the contract sued on were not set forth in the declaration, the defendants were required

to set them forth in their notice annexed to the general issue."

Counsel insists that certiorari will lie to review the action of the trial judge in overruling the motion to dismiss. A like situation was presented in the recent case of *Pagenkoff* v. *Insurance Co.*, 197 Mich. 166.

The construction of section 4, ·chapter 14, of the judicature act in that opinion is against the contention of appellants' counsel. We will not repeat here what was there said by Chief Justice KUHN.

The order overruling the motion to dismiss is affirmed, with costs to the appellee.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.