HANEY *v.* GRAND RAPIDS TRUST CO.

1. APPEAL AND ERROR — WRIT OF ERROR — BILL OF EXCEPTIONS, FAILURE TO SETTLE.

   A writ of error will not be dismissed for failure to settle a bill of exceptions or a case-made.

2. SAME—ERROR ASSIGNABLE ON RECORD.

   Where no bill of exceptions is settled and no case-made, error may be assigned on the record under Supreme Court Rule No. 11, and only error so assigned will be considered.

3. SAME—RECORD SHOULD NOT CONTAIN ANYTHING NOT IN RECORD IN COURT BELOW.

   It was highly improper to print in the printed record anything not contained in the record in the court below.

4. DISMISSAL AND NONSUIT—PLEA IN BAR NOT AVAILABLE ON MOTION TO DISMISS.

   In an action of ejectment, the defense that the grantors and grantees in plaintiff's deed were parties to receivership proceedings and were restrained from interfering with such proceedings or the property in the hands of the receiver, and that the deed was, therefore, one executed in contempt of court and void, may not be

raised on a motion to dismiss; said defense being a bar
to the action and not available on said motion under the
judicature act (3 Comp. Laws 1915, § 12456).

5. COSTS—WHERE RECORD CONTAINS IMPROPER MATTERS COSTS WILL
BE LIMITED.

Although appellant, on securing reversal with new trial
granted, was entitled to recover his costs, where the
printed record of 94 pages contained matters not properly
before the court, and 15 pages would have been sufficient,
the cost of printing the record will be limited to 15
pages.

Error to Kent; Brown (William B.), J.   Submitted
October 18, 1922.   (Docket No. 170.)   Decided De-
cember 5, 1922.

Ejectment by Elijah Haney against the Grand
Rapids Trust Company.   From an order granting a
motion to dismiss, plaintiff brings error.   Reversed.

*Eugene Carpenter,* for appellant.

*John M. Dunham,* for appellee.

FELLOWS, C. J.   Plaintiff brings this action of eject-
ment to recover possession of certain premises located
in Grand Rapids.   To the declaration is attached a
copy of a deed conveying the premises to the plaintiff
as grantee and executed by the Haney School Furni-
ture Company and the recited trustees of said corpora-
tion other than the grantee, said company's charter
having theretofore expired.   Defendant appeared
specially and moved to dismiss on the grounds, so far
as important here, that a receiver had been appointed
for said company, and that the grantors and grantees
in the deed were parties to the receivership proceed-
ings and were restrained from interfering with the
receivership proceedings or the property in the hands
of the receiver and that the deed was, therefore, one
executed in contempt of court and void.   The motion

221—Mich.—11.

was granted and the suit dismissed. Plaintiff here prosecutes this writ of error.

Some preliminary questions are presented by defendant's motion to dismiss the writ of error, which motion was deferred until the hearing of the case and which will first be disposed of. The writ of error will not be dismissed for the failure to settle a bill of exceptions or a case-made. *King* v. *Harrigan*, 142 Mich. 477; *Miley* v. *Grand Traverse Circuit Judge*, 217 Mich. 415. Parties may assign error on the record under Supreme Court Rule No. 11. Where no bill of exceptions is settled and no case-made, error can be assigned only on the record. In the instant case the record is returned with the writ of error and it was highly improper to print in the printed record anything not contained in the record in the court below. To this we will refer later. The writ of error will not be dismissed, but only the assignment of error (the assignments of error having accompanied and been filed with the return to the writ of error), which assigns error on the record, will be considered.

The only assignment of error we can consider, the second, is as follows:

"The court erred in decreeing such a deed to be void on a motion to have the said plaintiff's ejectment suit dismissed he had brought against said defendant, Grand Rapids Trust Company on such a motion, before a trial had on the merits of the case."

By this assignment of error plaintiff raises the question of the right of the court to dispose of the case and dismiss the suit on the motion which raised the question heretofore adverted to. In *Pagenkoff* v. *Insurance Co.*, 197 Mich. 166, we fully considered the section of the judicature act here under consideration (3 Comp. Laws 1915, § 12456), and we there held that while the motion to dismiss was a substitute for former demurrers, pleas in abatement and pleas

to the jurisdiction, it was not permissible to try out the merits of the case on affidavits filed with the motion to dismiss.    In that case the action was on an award, which by affidavits it was made to appear had been set aside on appeal.    It was held that such a defense could not be raised on motion to dismiss.    In *Vyse* v. *Richards*, 208 Mich. 383, we held that former adjudication should be pleaded in bar and could not be raised by motion to dismiss.    Referring to the *Pagenkoff Case*, we there said:

"We there pointed out that the motion to dismiss now performs the function of a demurrer, a plea in abatement, and a plea to the jurisdiction, but that it does not perform the function of a plea in bar, and that defenses which formerly required a plea in bar cannot be made under the summary proceeding of a motion to dismiss."

This section of the judicature act has also been considered in the following cases: *Sayre* v. *Railway Co.*, 199 Mich. 414; *Gunn* v. *Gunn*, 205 Mich. 198; *Thomas Canning Co.* v. *Canners' Exchange*, 202 Mich. 64; *Selznick Enterprises* v. *Garson Productions*, 202 Mich. 106.

An examination of the cases cited and the reasoning underlying them demonstrates that the trial court erred in dismissing this suit on the motion.    Plaintiff seeks to recover in ejectment the premises in question to which he claims to hold a deed.    As against that deed and plaintiff's right to recover defendant insists that the premises have been placed in the hands of a receiver in another case pending in the Kent circuit and that the grantors of the deed have been restrained from interfering with such possession, and that whatever title, if any, plaintiff has he has acquired in contempt of court and such deed is void.    Upon a trial of the merits such defense may be made by defendant but it can not be made in a summary manner by motion to dismiss.

The conclusion we have reached requires a reversal of the case. Defendant will have the usual time to file its pleadings. As is customary where the reversal is with a new trial, appellant will recover costs. But he should not recover the entire costs of printing the record before us, the major portion of which contains matters which are not properly before the court. The proper record in this case consists of the declaration with the attached exhibit, rule to plead, defendant's special appearance and motion to dismiss, the judgment dismissing the case, the assignments of error, the index. These would have required a record of not to exceed 15 pages; everything else in this printed record of 94 pages has no place there; cost of printing record will be fixed at 15 pages only.

A judgment in accordance with this opinion will be here entered.

WIEST, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.