## JOHN ADAMS v. BAY CITY.

*Municipal corporations—Construction of charter provision—Sewers*
*—Special assessment on property benefited—Juris-*
/                     *dictional defect.*

1. Section 17 of the charter of Bay City requires that the lots and
   premises specially benefited by the construction of a sewer or
   sidewalk shall be assessed according to the benefits derived from
   such improvement, while section 50 of the charter requires that
   the comptroller shall set down in the tax roll the description of
   all the lands and premises he deems to be specially benefited
   by the proposed work, the amount assessed against each descrip-
   tion, which shall include the contract price of construction and
   the amount, as estimated by the board of public works, for
   surveying, superintending, construction, and advertising. And
   it is held that if the assessing officer should, under the two
   sections, assess the whole cost of the work as commanded by
   section 50, and yet show that such assessment did not exceed
   the whole amount of benefits derived by the property assessed
   from the improvement, there would be no conflict between the
   two sections.

2. Under a charter providing that the lots and premises specially
   benefited thereby shall be assessed according to the benefits
   derived from the construction of any sewer or sidewalk, the
   roll must show expressly that the assessment was made on
   the basis fixed by the charter, and it should also appear of
   record somewhere that the benefits to the whole property
   included in the taxing district will equal the whole cost of the
   proposed work. *Warren v. Grand Haven,* 30 Mich. 24–30;
   *White v. Saginaw,* 67 Id. 40, 41, 42.

Error to Bay. (Cobb, J.) Argued October 18, 1889. Decided December 28, 1889

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*John C. Weadock,* for appellant.

*Shepard & Lyon,* for plaintiff.

MORSE, J. The plaintiff brought this action to recover $215.46, paid by him under protest to the treasurer of Bay City. The money was demanded by said treasurer, and the property of plaintiff levied upon by virtue of a local tax roll and the warrant attached thereto, upon which tax roll an assessment was made against plaintiff and certain lots and premises owned by him, for the purpose of defraying a portion of the cost of a sewer. The case was tried before the court without a jury. Findings of fact and law were made and filed, and judgment entered for plaintiff for $230.

In support of the conclusions of law found by the circuit judge, that the assessment of the taxes demanded of plaintiff was illegal and void, and not a valid lien upon the plaintiff's land, or a personal liability against him, his counsel submit the following objections to the tax:

"That the provision of the charter of Bay City relative to assessments of taxes for local improvements is void, in that it directs that the tax shall be assessed upon the property especially benefited, according to the benefit derived; and also the charter directs the comptroller as to the amount that he must assess upon the property benefited, irrespective of whether it is benefited in that sum or not.

"That the necessity of a sewer from Sherman street to the Saginaw river, upon Twenty-first street, said city, was not determined by the common council of said city.

"That no tax to defray the expense of constructing

said sewer was ever ordered by the common council of Bay City.

"That by no certificate, record, or other matter was it made to appear that the land assessed upon said roll was specially benefited by the construction of such sewer, and that it was assessed according to the benefit which it derived from such sewer.

"That several separate lots were assessed by the comptroller as one parcel.

"That the treasurer had no authority to enforce the collection of the tax by distress of the personal property of plaintiff."

Our attention upon the first point is called to the provisions of the charter of Bay City. Section 17, Act 346, Local Acts of 1881, provides and requires that the lots and premises specially benefited thereby shall be assessed according to the benefits derived from the construction of any sewer or sidewalk. Section 50 of the same act was amended by Act No. 287, Local Acts of 1883, directing what the assessment should contain, so that it now reads:

"The comptroller shall prepare a tax roll, in which roll he shall set down the description of all the lands and premises he deems to be specially benefited by the proposed work, the amount assessed against each description of property, which amount shall include the contract price of construction and the amount, as estimated by the board of public works, for surveying, superintending, construction, and advertising."

It is claimed that this amendment is inconsistent with the theory of assessing according to benefits, and requires that an assessment shall be extended against the property especially benefited, in an amount equal to the contract price of construction and the amount, as estimated by the board of public works, for surveying, superintending, construction, and advertising, without reference to the fact whether the whole amount of benefits equals the cost of the work or not, and that the record shows that this

was actually done in this case. We do not find it necessary to hold that there is anything inconsistent between the two sections of the charter. If the assessing officer should, under the two sections, assess the whole cost of the work, as he is commanded to do under section 50, and yet show that such assessment did not exceed the whole amount of benefits derived by the property assessed from such improvement, there would be no conflict between the two sections.

. In the record before us, however, we find nowhere any finding by anybody of the benefits arising from the making and maintenance of this sewer, nor any certificate that the assessment was made upon the lots taxed in proportion to the benefits they would respectively receive from the same. Section 50 of the charter provides that the comptroller shall assess the benefits, and we find no provision giving any other person or body the right to determine the benefits, except the board of public works, which receives the tax roll from the comptroller, and has authority to revise and correct it, supply any deficiencies, and make any changes it deems best (section 51); and they are also made a board of review. After the roll has been reviewed and corrected, the comptroller must indorse it, the form of which indorsement is prescribed by section 52 of the charter. And it is further provided in this same section that after such indorsement said roll—

"Shall be *prima facie* evidence, in all courts and tribunals, of the regularity of all proceedings preliminary to the making thereof, and of the validity of said tax and tax roll."

The tax roll, or what purports to be a portion of it, is given in the record, and the circuit judge finds that it was approved by the board of public works, and properly indorsed by the comptroller, as provided by section 52. He also finds that no certificate was attached to said roll

other than this certificate of its approval by the board of public works, as required by and set forth in section 52, and that no record was made showing the manner in which the lands upon said roll were assessed. Nowhere, then, does it appear, unless taken for granted, that the benefits of this work equaled the tax laid by the comptroller, ŏr that the lands were assessed in proportion to the benefits specially derived by them from such work.

We think that this cannot be taken as granted; that this roll should show expressly that the assessment was made on the basis which the charter lays down. And this is not an irregularity which is cured by the provision that the roll, after indorsement, shall be *prima facie* evidence of the validity of the tax. It is jurisdictional, and must appear upon the roll, and we think it should also appear of record somewhere that the benefits to the whole property included in the taxing district will equal the whole cost of the proposed work. *Warren v. Grand Haven*, 30 Mich. 24–30; *White v. Saginaw*, 67 Id. 40, 41, 42 (34 N. W. Rep. 255).

Since this suit was begun, the charter has been amended (Local Acts of 1889, pp. 704–714). Section 17, as amended, provides, in effect, that there shall be a finding of benefits, as it now provides that the expense of constructing a sewer shall be assessed upon the lots and premises specially benefited thereby, according to the benefits therefrom: Provided, that if such expense shall amount to a larger sum than the benefits, then the costs, exceeding the benefits, shall be chargeable to the wards in which the improvement is to be made; and such excess could not be ascertained without a finding of benefits. Local Acts of 1889, pp. 714, 715.

Under the section as it stood when this tax was laid, the whole cost was laid upon the property especially benefited. The plaintiff had a right to demand that there

should be a finding of benefits, and also that it should appear upon the assessment roll, or somewhere of record, in what manner these benefits were apportioned, and under what rules. He had a right to know upon what standard or basis the comptroller acted, that he might ascertain whether or not it was a legal one. Otherwise the comptroller might act upon his own notions, and there would be no means by which to ascertain what those notions were, or to determine whether or not the statute had been complied with.

We do not consider it necessary to consider any of the other objections to this tax.

The judgment of the court below is therefore affirmed, with costs.

The other Justices concurred.