CITY OF SAULT STE. MARIE *v.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO.

1. TAXATION—CERTIFICATE OF ASSESSOR—SAULT STE. MARIE CHARTER.

   A certificate of the city assessor annexed to the assessment roll of a special assessment for a sewer that the roll was made according to benefits, being also indorsed "Local Tax Roll No. 60-R. M. Street sewer system as approved by the board of review," was a compliance with the charter of the city of Sault Ste. Marie, and, though the certificate of the board of review did not contain the word approved, it amounted to a substantial compliance with the charter (Act No. 418, Local Acts 1903).

2. SAME—INDORSEMENT—REQUIREMENTS.

   It was also correct without a statement that the tax equaled the amount of cost, as by the charters in certain cases required.

3. SAME—ACTIONS—EVIDENCE.

   Under a charter providing that at any time after a special assessment had become payable it might be collected by suit in an action of assumpsit (Act No. 533, Local Acts 1887), the appellant had no ground for complaining that the lower court excluded evidence as to whether or not a return had been made of the defendant's land as delinquent.

   192 Mich.—5.

4. SAME—EVIDENCE—SPECIAL ASSESSMENT—BENEFITS.
    Testimony of the tax assessor who succeeded in office to
    the assessor that levied the assessment that it was made
    according to frontage instead of benefits was mere opinion,
    not entitled to be received, and objectionable as hearsay.

Error to Chippewa; O'Brien, J., presiding. Submitted April 17, 1916. (Docket No. 69.) Decided June 1, 1916.

Assumpsit by the city of Sault Ste. Marie against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company for a special sewer tax. Judgment for plaintiff. Defendant brings error. Affirmed.

*E. S. B. Sutton* (*J. L. Erdall*, of counsel), for appellant.

*F. T. McDonald* (*Herbert W. Runnels*, of counsel), for appellee.

KUHN, J. A statement of the history of the tax involved in this controversy may be found in the opinion of this court reported in 184 Mich. 681 (151 N. W. 649), when the case was here before. The plea in abatement having been overruled, the case was tried upon its merits before the court without a jury. The trial judge filed his findings of fact and conclusions of law, and a judgment was entered for the plaintiff and against the defendant in the sum of $592.96. The defendant appeals.

A considerable part of the brief of counsel for the defendant is taken up with a discussion of the questions involved in the previous appeal. No application for a rehearing of that decision was made by counsel, and we must now decline to consider them again, as the questions were definitely settled adversely to the contentions of the defendant. The opinion of this

court became the law of the case, which the trial court rightly followed.

The validity of the proceedings are, however, again attacked on the ground that the proper certificates were not attached to the tax roll, as required by the provisions of the plaintiff's charter (being section 6 of chapter 21, Act No. 418, Local Acts 1903), which are:

"After the said board of review shall have reviewed and approved said assessment roll, the assessor shall indorse thereon the words 'Local Tax Roll * * * as approved by the board of review.'"

The record shows that the following certificates were attached to the roll:

"STATE OF MICHIGAN, } ss.:
  "County of Chippewa }
  "I hereby certify that the foregoing special assessment roll was made by me according to benefits, and made in accordance with a resolution adopted by the common council of the city of Sault Ste. Marie, at a regular meeting thereof on the 12th day of July, 1909.
    "Dated April 29, 1910.
                                "E. S. ROYCE, City Assessor.
  "We the undersigned members of the board of review, duly appointed by the common council of the city of Sault Ste. Marie, at a regular meeting thereof, on the 9th day of May, 1910, for the purpose of reviewing the foregoing special assessment roll; hereby certify, that we have reviewed the said roll, as assessed by the city assessor, and that assessments therein fixed by us are according to benefits; and in accordance with a resolution passed by the common council of the city of Sault Ste. Marie, on the 12th day of July, 1909.
    "Dated May 31, 1910.
                                "JOHN METZGER,
                                "P. McEVOY,
                                "E. S. ROYCE,
                                        "Board of Review.
            "Local Tax Roll No. 60-R.
  "Meridian street sewer system as approved by the

board of review, constituted for the review of said roll the 31st day of May, A. D. 1910.

"E. S. Royce, City Assessor.

"Received the above roll the 1st day of June, A. D. 1910.

"F. L. Everling, City Comptroller."

It is the claim of counsel that these certificates do not show that the board of review actually approved the rolls. But we find no merit in this contention, as the roll contains the certificate required by law, viz., that of the assessor, that the roll was approved by the board of review. But, even if it were necessary, the certificate of the board of review, while it does not use the word "approved," cannot be read or construed in any other way than as an approval of the roll.

It is next contended that there should be a specific indorsement that the tax only equals the amount of the cost of the improvement, and in support thereof the case of *Adams* v. *City of Bay City,* 78 Mich. 215 (44 N. W. 138), is principally relied upon. There is no requirement in the plaintiff's charter requiring the specific indorsement urged as necessary. In the previous opinion of this court, we said:

"The proceedings to assess the defendant's property in the instant case were in accordance with the requirements of the plaintiff's charter."

The trial court specifically so found upon the trial from which the present appeal is taken, and we find support in this record for his conclusions. In the *Adams Case* the comptroller was charged by the charter provision with the duty of fixing the district and determining the benefits, and was required to assess the property which he should determine would be specifically benefited by the construction of the sewer. He was charged with certain charter duties, which in the case at bar are required to be performed by the council. As to the performance of these acts he made no record or certificate, and the court said:

"In the record before us, however, we find nowhere any finding by anybody of the benefits arising from the making and maintenance of this sewer, nor any certificate that the assessment was made upon the lots taxed in proportion to the benefits they would respectively receive from the same. * * * Nowhere, then, does it appear, unless taken for granted, that the benefits of this work equaled the tax laid by the comptroller, or that the lands were assessed in proportion to the benefits specially derived by them from such work.

"We think that this cannot be taken as granted; that this roll should show expressly that the assessment was made on the basis which the charter lays down."

In the case at bar, the record shows affirmatively every requirement of the charter was fulfilled by the council, the board of public works, the assessor, and the board of review. There is no failure of proper certification by the proper charter officers in this case that the "assessments were according to benefits," as in the *Adams Case.* The situation here presented is thus distinguishable from that presented in that case.

Plaintiff's charter provides that:

"At any time after a special assessment has become payable, the same may be collected by suit * * * in an action of assumpsit." Act No. 533, Local Acts 1887, chap. 21, § 20.

It is the contention of counsel for appellant that error was committed in not permitting proofs to be introduced as to whether any delinquent return was made of the defendant's land. The court held that it was immaterial. It was not claimed that the tax was paid or otherwise satisfied. The plaintiff had a right to bring suit when it did, and we are satisfied that the court ruled properly in the exclusion of the testimony for the reason given.

It is further claimed that an attempt was made to show that the assessments were in fact made accord-

ing to frontage, instead of according to benefits, while witness Ripley was on the stand. He testified as follows:

"I am the assessing officer who would make the assessments in this roll, if it came to my period of office; I am that officer in the city, but am not the officer that made that roll.

"Q. Your attention is called to this roll, and the various names upon the pages, especially upon the one that the leaf is turned down; and you are asked to state if the assessed valuation is according to frontage—are uniform or not.

"Mr. McDonald: That is asking for opinion evidence. This witness didn't make the roll, and was not assessor at that time.

"The Court: Well, I sustain that objection. I don't think that is in the case at all.

"Mr. Sutton: The charter says it must be according to benefits."

The proceedings show affirmatively that the assessments were according to benefits, and it is clear that the witness could not say of his own knowledge how the assessments were made, not having made them himself, and it not being shown that he had any knowledge of how they were made. His opinion would therefore be of no evidentiary value, and how defendant was harmed by the exclusion of this testimony is not apparent.

The other assignments of error have been examined, but are found to be without merit.

Being satisfied that the findings of fact of the trial judge find support in the evidence, and that no prejudicial errors were committed in the exclusion of testimony, we are of the opinion that the judgment should be, and it is hereby, affirmed.

STONE, C. J., and OSTRANDER, MOORE, BROOKE, and PERSON, JJ., concurred. BIRD and STEERE, JJ., did not sit.